UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARON SWOPES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 4:15 CV 1364 CAS(ACL) |
| JEFF NORMAN,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Petition of Laron Swopes for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

### I. Procedural History

Swopes is incarcerated at the South Central Correctional Center in Licking, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of St. Louis City, Missouri. (Doc. 11-4 at 179.)

On January 16, 2009, a jury found Swopes guilty of one count of first-degree assault, one count of armed criminal action, two counts of third-degree assault, and one count of unlawful use of a weapon. (Doc. 11-1 at 647.) The court sentenced him to a term of imprisonment of fifteen years for the first-degree assault count; a consecutive term of thirty years' imprisonment on the

---

[1]Swopes is currently incarcerated at the South Central Correctional Center in Licking, Missouri. Because Jeff Norman, Warden of South Central Correctional Center, is Swopes' custodian, he will be substituted for the State of Missouri as the proper party respondent in this cause. 28 U.S.C. § 2254(a).

armed criminal action count; a concurrent term of fifteen years' imprisonment for the unlawful use of a weapon count; and two one-year sentences for the third-degree assault counts, which were deemed completed due to time served. *Id.*

In his direct appeal of his convictions, Swopes first argued that the trial court plainly erred in accepting inconsistent verdicts. (Doc. 11-2 at 10.) He next argued that the trial court erred when it overruled his motion for judgment of acquittal at the close of all the evidence because the evidence was insufficient to support his conviction for unlawful use of a weapon. *Id.* at 11. Finally, Swopes argued that the statute under which he was convicted was unconstitutional. *Id.* at 12. On June 7, 2010, the Missouri Court of Appeals affirmed the judgment of the trial court. (Doc. 11-5.)

Swopes filed a *pro se* motion for post-conviction relief under Rule 29.15. (Doc. 11-6 at 5-19.) After appointment of counsel, an amended post-conviction relief motion and request for evidentiary hearing was filed. *Id.* at 29-49. The amended motion raised the following ineffective assistance of trial counsel claims: (1) counsel failed to object to inadmissible evidence of uncharged crimes during the penalty phase of his trial; (2) counsel failed to cross-examine Marvin Hardie, a penalty phase witness; (3) counsel failed to object to testimony during the penalty phase that Swopes associated with documented gang members; and (4) counsel failed to object to improper argument during the sentencing phase. *Id.* The motion court denied Swopes' amended motion and his request for an evidentiary hearing. *Id.* at 50-55.

In his appeal from the denial of post-conviction relief, Swopes argued that trial counsel was ineffective in failing to object to inadmissible evidence that members of a gang to which Swopes had admitted belonging had been arrested for various crimes. (Doc. 11-7.) The Missouri Court of Appeals affirmed the decision of the motion court. (Doc. 11-9.)

Swopes filed the instant Petition on September 1, 2015, in which he raises the following

2

grounds for relief: (1) the trial court erred in allowing evidence regarding Swopes' gang affiliation during the sentencing phase; (2) the trial court erred in allowing testimony from a minor during the sentencing phase regarding a crime for which he was not convicted; (3) the trial court erred in not instructing the jury as to a lesser included offense; and (4) the verdicts were inconsistent.  (Doc. 1.)

On November 9, 2015, Respondent filed a Response to Order to Show Cause.  (Doc. 11.)   Respondent argues that Grounds One, Two, and Three are procedurally defaulted, and all of Swopes' claims fail on their merits.

## II.  Facts[2]

On May 24, 2007, a grand jury indicted Swopes on four counts of assault in the first degree, four counts of armed criminal action, and one count of unlawful use of a weapon.  Swopes was tried by a jury January 13-16, 2009.  In the light most favorable to the verdicts, the following facts were adduced at trial:

Prior to December of 2006, Maranda Moody (Maranda) lived in the neighborhood near the intersection of Arlington and Theodosia streets in St. Louis.  During the late afternoon of April 5, 2007, Maranda returned to this neighborhood with her two small children, her brother Antonio Moore (Antonio), and Antonio's girlfriend Britnee Heard (Britnee).  Antonio, who was driving the car, stopped in front of his friend Ray's house and proceeded to speak with Ray on his front porch.  Britnee remained in the passenger seat, and Maranda remained in the back seat directly behind the driver's seat.  Maranda's children, one four years old and the other two weeks old, were seated beside Maranda in the back seat of the car.

---

[2]The Court's recitation of the facts is taken from the decision of the Missouri Court of Appeals on direct appeal.   (Doc. 11-5 at 5-6.)

3

While Antonio was speaking with Ray, Maranda spotted her friend Kameka standing across the street, and called out for Kameka to come and see her new baby. As Kameka and Maranda yelled back and forth with each other, someone shouted at Maranda to "shut the F up." Maranda volleyed back with her own "shut the F up" and stepped out of the car to walk toward Kameka. Maranda was positioned on the driver's side of the car near the rear gas cap when she saw Swopes and his friends grouped together across the street. Swopes then specifically engaged Maranda, telling her to shut up. Maranda again responded by telling Swopes to shut up and by calling him "dirty." Swopes then pulled a gun from his waistband, pointed it directly at Maranda, who was still standing immediately in front of the car, and fired the weapon twice. Both bullets missed Maranda. Swopes marched closer to Maranda and fired a third shot, once more missing her. Swopes continued toward Maranda until he was face-to-face with her, at which point he said: "[Y]ou got your kids in the car? I'll smoke you girl."

Antonio saw the confrontation arise from Ray's porch, and he walked down to diffuse the situation. After firing the three shots at Maranda, however, Swopes turned his attention to Antonio. Swopes handed his gun to a friend, removed another gun from his waistband, handed that gun to the friend as well, and attacked Antonio with his fists. Swopes' friends joined in the fight, beating up Antonio until he managed to scramble back into the car and escape with Maranda, Britnee, and Maranda's two small children.

At the close of all of the evidence, the jury rendered their verdicts and assessed punishment. The jury found Swopes guilty of assault in the first degree (Count I) and armed criminal action (Count II) in connection with his actions as to Maranda. The jury acquitted Swopes of assault in the first degree (Count III) and armed criminal action (Count IV) in connection with his actions as to Britnee. Swopes was found guilty of two lesser included

4

charges of assault in the third degree (Counts V and VII), but was acquitted of armed criminal action (Counts VI and VIII), in connection with his actions as to Maranda's two small children.

### III. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed

5

that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### IV. Grounds One through Three

Respondent argues that Swopes' first three grounds for relief are procedurally defaulted because Swopes did not raise them in the state court proceedings.

#### A. Procedural Default

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa,* 332 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas corpus review of the claim. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Wemark,* 322 F.3d at 1021 (internal quotation marks omitted). Claims that are not fairly presented to the state courts are procedurally defaulted. *See id.* at 1022.

Here, Swopes did not raise the trial error claims contained in Ground One, Two, or Three in his direct appeal. Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner established "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." *Storey v. Roper,* 603 F.3d 507, 523-24 (8th Cir. 2010) (citing *Schlup v. Delo,* 513 U.S. 298, 324 (1995)).

Swopes fails to allege cause to excuse his procedural default. Additionally, Swopes does not present evidence of actual innocence. Accordingly, the undersigned recommends that

6

Grounds One, Two, and Three be denied as procedurally defaulted.

**B.     Merits**

Even if Grounds One, Two, and Three were not procedurally defaulted, they would fail on their merits.

**1.     Ground One**

In Ground One, Swopes argues that trial counsel erred when, during the penalty phase of the trial, it allowed testimony regarding Swopes' gang affiliation and the types of crime committed by other known members of the same gang.

During the penalty phase, the State presented the testimony of Officer Michael Nicholson, who testified that he had worked with the St. Louis Metropolitan Police Department's gang unit during the relevant time period.  (Doc. 11-1 at 158.)   Officer Nicholson testified that he had observed Swopes interacting with known gang members, and that Swopes had verbally admitted to Nicholson that he was a member of the "1600 Arlington Mob" gang.  *Id.*   Officer Nicholson further testified that the members of the 1600 Arlington Mob had been arrested "for anything from murder, assault first, robbery, drug selling, vehicle theft."  *Id.* at 159.   Defense counsel did not object to this testimony.   On cross-examination, Officer Nicholson testified that he did not arrest Swopes for any of the crimes he cited on direct examination.  *Id.* at 159.   During closing argument of the penalty phase, the prosecutor stated:

> And the biggest thing, let's talk about the fact that he's a 1600 Arlington Mob. [Officer] Nicholson told you that.   What are they involved in?   Murder, robbery, assaults, drugs, car thefts.   That's who you're looking at right there.

*Id.* at 161.   Defense counsel did not object to the prosecutor's statement, although he noted during his closing statement that Swopes had never been convicted of any crimes.  *Id.* at 162.

In the post-conviction proceedings, Swopes argued that trial counsel was ineffective in failing to object to this evidence.   In affirming the denial of post-conviction relief, the Missouri

7

Court of Appeals held that Officer Nicholson's testimony was admissible under Missouri law. (Doc. 11-9 at 7.)  Specifically, the Court found that the testimony that Swopes admitted he belonged to a gang coupled with testimony of other gang members' criminal activity was relevant to Swopes' future dangerousness.  *Id.* at 8 (citing *Dawson v. Delaware*, 503 U.S. 159, 166-67 (1992)).  The Court found that Swopes did not, therefore, meet his burden to establish that an objection to Officer Nicholson's testimony would have been meritorious.  *Id.*  As to the prosecutor's closing argument, the Court found that the prosecutor's remarks did not have a decisive effect on the outcome of the trial, as Officer Nicholson's testimony was admissible and the evidence was clear that Swopes had not been convicted with any crimes.  *Id.* at 9.

The admission of evidence at a state court trial is a matter of state law and will not form a basis for federal habeas relief, unless the state court's "evidentiary ruling infringes upon specific constitutional protection or is so prejudicial that it amounts to denial of due process."  *Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006).  "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the [petitioner] of due process."  *Bounds v. Delo,* 151 F.3d 1116, 1119 (8th Cir.1998).  The petitioner must show that there is a reasonable probability that the challenged trial court error affected the outcome of the proceeding, that absent the alleged impropriety the verdict probably would have been different.  *Anderson v. Goeke,* 44 F.3d 675, 679 (8th Cir. 1995).  The burden to establish a state court's evidentiary ruling constituted a due process violation is "much greater than that required on direct appeal and even greater than the showing of plain error."  *Mendoza v. Leapley,* 5 F.3d 341, 342 (8th Cir. 1993) (per curiam).

8

Missouri law expressly permits the introduction of evidence concerning "the history and character of the defendant" during the penalty phase of trial. *See* Mo. Rev. Stat. § 557.036.3 (2003). That evidence may include evidence of criminal conduct for which a defendant was never convicted, provided that the conduct is proven by a preponderance of the evidence. *State v. Fassero*, 256 S.W.3d 109, 119 (Mo. 2008)).

The state court's evidentiary ruling was consistent with Missouri law, and did not amount to a denial of due process. Accordingly, the undersigned recommends that Ground One be denied.

### 2. Ground Two

In Ground Two, Swopes argues that the trial court erred in allowing testimony from a minor during the penalty phase regarding a crime for which Swopes was not convicted.

At issue is the testimony of thirteen-year-old Marvin Hardie. Hardie testified about a past incident in which Swopes led a group of boys in beating Hardie with their fists and a belt, and then shut him inside a trash can. (Doc. 11-1 at 156.)

As discussed above with regard to Swopes' first ground for relief, Missouri law permits evidence regarding criminal conduct during the penalty phase to show the defendant's history and character. Swopes fails to demonstrate his due process rights were violated by the state court's admission of Hardie's testimony.

Accordingly, the undersigned recommends that Ground Two be denied.

### 3. Ground Three

In his third ground for relief, Swopes argues that the trial court erred in not instructing the jury as to a lesser included offense for the first-degree assault charge.

Swopes was charged with four counts of first-degree assault. The record reveals that the jury was instructed to consider third-degree assault for three of the four first-degree assault

charges. The lesser included instruction was not given regarding the first-degree assault of Maranda Moody. (Doc. 11-4 at 100-35.) The Court assumes this is the basis of Swopes' claim asserted in Ground Three.

The trial court's failure to give a lesser included offense as to the first-degree assault of Maranda Moody did not deprive Swopes of a fair trial. The Eighth Circuit "has consistently held that the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Dickerson v. Dormire,* 2 Fed.Appx. 695, 695 (8th Cir. 2001). In order to grant federal habeas relief, a court would have to find that the state court's action was contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases. *Randell v. Norman*, No. 4:12 CV 1020 AGF, 2015 WL 1456977, at *4 (E.D. Mo. Mar. 30, 2015).

Thus, the undersigned recommends that Ground Three be denied.

## V.     Ground Four

In Ground Four, Swopes argues that the jury's verdicts were inconsistent. Specifically, he contends that his convictions of both Count I (first-degree assault) and Count IX (unlawful use of a weapon) are contradictory.

Swopes raised this claim in his direct appeal. The Missouri Court of Appeals held as follows:

> As to Count I, a person commits the offense of assault in the first degree if "he attempts to kill…or attempts to cause serious physical injury to another person." Section 565.050. "Serious physical injury" is physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body. Section 565.002(6). A person is guilty of "attempt to commit an offense" when, with the purpose of

10

committing the offense, he does any act which is a substantial step toward the commission of the offense.   Section 564.011; State v. McDaniel, 254 S.W.3d 144, 146 (Mo. App. E.D. 2008).   A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.   A person acts with "purpose" when it is his conscious object to engage in that conduct or to cause that result.   Section 562.016.2.   Therefore, "in order to be found guilty of first-degree assault for attempting to kill or attempting to cause serious physical injury, one must, with the purpose of committing that offense, take a substantial step toward committing it."   State v. Whalen, 49 S.W.3d 181, 186 (Mo. banc 2001).

In this case, Maranda's testimony alone permits a rational juror to infer that Defendant, (1) with the purpose of (2) killing or causing serious bodily injury to Maranda, (3) took a substantial step toward this end.   Maranda testified that Defendant aimed a gun directly at her and fired it three times.   After missing all three shots, Defendant told her, "I'll smoke you girl."   First, a rational juror is permitted to extract from this testimonial evidence an inference that Defendant possessed a conscious objective to kill or seriously injure Maranda.   Manley, 233 S.W.3d at 891 (holding that a "jury can infer the necessary intent from the surrounding facts, such as the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct") (internal citation omitted). Second, the mere fact that Defendant fired a gun at Maranda allows a rational juror to infer that the harm Defendant intended to inflict rose to the level of serious physical injury.   Id.   (holding that "the natural consequence of firing a deadly weapon, such as a pistol, in the direction of the victim, in the absence of countervailing circumstances, is, at the very least great bodily harm").   Lastly, Defendant's act of firing a loaded gun three times at Maranda constituted a substantial step toward causing her serious physical injury.   See Verweire v. Moore, 168 S.W.3d 518, 519 (Mo. App. W.D. 2005) (finding the evidence sufficient to establish that the defendant took a substantial step toward causing the victim serious bodily injury when he pointed a loaded gun at the victim, jabbed the gun in the victim's cheek, and threatened to blow the victim's head off).   The record clearly shows that Defendant's conviction on Count I is supported by sufficient evidence.

As to Count IX, a person commits the crime of unlawful use of a weapon if he "knowingly…[d]ischarges or shoots a firearm at…a motor vehicle."   Section 571.030.1(9).   A person acts "knowingly" when he "is aware of the nature of his conduct" or when he "is aware that his conduct is practically certain to cause [a particular] result."   Section 562.016.3.   Proof that a person acted "knowingly" is "usually inferred from the evidence of the circumstances surrounding the incident."   State v. Fackrell, 277 S.W.3d 859, 864 (Mo. App. S.D. 2009); State v. McQuary, 173 S.W.3d 663, 667-68 (Mo. App. W.D. 2005) ("Knowledge may be proven by circumstantial evidence.")

In this case, Defendant argues that there was insufficient evidence to establish his requisite knowledge for unlawful use of a weapon because the "testimony was unvarying that [he] was shooting at Maranda Moody only," and "[h]ad [he] been a better shot, no bullet would likely have entered" the car.   We find such reasoning unpersuasive.   Both Maranda and Antonio testified that

11

>  Maranda was positioned immediately outside the rear of the car.  As such, their testimony placed Maranda directly between Defendant and the car at the moment Defendant fired his gun at her three times.  The evidence also confirmed that police officers extracted one bullet from the front passenger door panel of the car.  A reasonable juror could consider this evidence and infer therefrom that Defendant possessed the requisite knowledge and awareness that by shooting at a person standing directly between himself and a car, he was also shooting at a car.  Thus, we find from the record that Count IX is based upon sufficient evidence.
>
>  Because Counts I and IX were independently supported by sufficient evidence, Defendant's argument based upon inconsistent verdicts also fails.  We have considered and reject Defendant's arguments that the mens rea requirements of these offenses preclude a conviction on both because simultaneous convictions would be inconsistent.  We further reject Defendant's claim that his convictions for first degree assault and unlawful use of a weapon are inconsistent with Defendant's convictions on the separate counts of third degree assault.  We are not required to stretch logic to reject Defendant's arguments.  The record contains sufficient evidence from which a jury could find the requisite mens rea for each of the separately charged offenses.  Finding that Defendant acted with the intent to cause serious physical injury to Maranda when he shot at her three times does not preclude the jury from finding that Defendant acted knowingly when he shot in the direction of the car or recklessly when he shot in the direction of the car with knowledge that children were inside the car when he fired the shots.  We find that Defendant suffered no manifest injustice from the trial court's decision to accept the verdicts.

(Doc. 11-5 at 9-12.)

Under federal law, "[i]nconsistent verdicts are not, on their own, sufficient grounds for reversal or a new trial."  *United States v. Coplen,* 565 F.3d 1094, 1097 (8th Cir. 2009) (quoting *United States v. Whatley,* 133 F.3d 601, 601 (8th Cir. 2007)).  "[W]hen considering what are considered inconsistent verdicts," the Eighth Circuit holds that a court "must only ask whether the government presented sufficient evidence to support the conviction."  *United States v. OpareAddo,* 486 F.3d 414, 416 (8th Cir. 2007) (citing *Nesbitt v. Hopkins,* 86 F.3d 118, 121 (8th Cir. 1996)).  *See also United States v. Powell,* 469 U.S. 57, 67 (1984) (holding that other than determining whether the evidence was sufficient, "no further safeguards are necessary" in cases of inconsistent verdicts).

In this case, the Missouri Court of Appeals' determination that there was sufficient

12

evidence to support Swopes' convictions for both first-degree assault and unlawful use of a weapon was reasonable.   As to the first-degree assault charge, Maranda testified that Swopes aimed his gun directly at her and fired three shots, and upon missing her stated "I'll smoke you girl."   (Doc. 11-1 at 80.)   This evidence is sufficient for a reasonable juror to find Swopes acted with the purpose of killing or causing serious bodily injury to Maranda, and that he took a substantial step toward this end.   The Missouri Court of Appeals found that the evidence showing Swopes shot at Maranda while she was standing in front of a car was sufficient for a reasonable juror to conclude he knowingly discharged his firearm at a motor vehicle to support his conviction of unlawful use of a weapon.   Because Counts I and IX were independently supported by sufficient evidence, Swopes has failed to demonstrate a violation of his constitutional rights resulting from inconsistent verdicts

Accordingly, the undersigned recommends that Ground Four be denied.

## VI.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).   A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   In this case, Swopes has failed to make a substantial showing of the denial of a constitutional right.   The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the Petition of Laron Swopes for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have until **June 8, 2018** to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

                                               /s/ Abbie Crites-Leoni
                                               ABBIE CRITES-LEONI
                                               UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of May, 2018.